ALAMPI & DEMARRAIS
One University Plaza, Suite 404
Hackensack, NJ. 07601
Telephone: 201-343-4600
Attorneys for Defendant Leonia Zoning Board of Adjustment

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| T-MOBILE NORTHEAST LLC (f/k/a Omnipoint Communications, Inc.) | :<br>:<br>: |
| Plaintiff, | : Civil Action No.<br>: 2:11-CV-02341-SDW-MCA |
| v. | : |
| BOROUGH OF LEONIA ZONING BOARD OF ADJUSTMENT, | :<br>: |
| Defendant. | : |

**ANSWER TO THE COMPLAINT FOR DECLARATORY AND INJUCNTIVE RELIEF AND EXPEDITED TREATMENT**

The defendant, Leonia Zoning Board of Adjustment, by way of answer to the complaint of plaintiff states as follows:

**Nature of the Action**

This action arises from the denial of an application made to the Leonia Zoning Board of Adjustment by T-Mobile to collocate a wireless communications facility on an existing

multi-family residential building. The Board's denial is supported by the record made during the course of the public hearings of plaintiff's application.

## Parties

1. Defendant neither admits nor denies the allegations contained in paragraph 1 and leaves plaintiff to its proofs.

2. Defendant admits the allegations contained in paragraph 2 of the complaint.

## Jurisdiction and Venue

3. Defendant admits the allegations contained in paragraph 3 of the complaint.

4. Defendant admits the allegations contained in paragraph 4 of the complaint.

## Statement of Facts

5. Defendant neither admits nor denies the allegations contained in paragraph 5 and leaves plaintiff to its proofs.

6. Defendant neither admits nor denies the allegations contained in paragraph 6 and leaves plaintiff to its proofs.

7. Defendant neither admits nor denies the allegations contained in paragraph 7 and leaves plaintiff to its proofs.

8. Defendant neither admits nor denies the allegations contained in paragraph 8 and leaves plaintiff to its proofs.

9. Defendant neither admits nor denies the allegations contained in paragraph 9 and leaves plaintiff to its proofs.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 and leaves plaintiff to its proofs.

11. Defendant neither admits nor denies the allegations contained in paragraph 11 and leaves plaintiff to its proofs.

12. Defendant denies the allegations contained in paragraph 12 of the complaint.

13. Defendant denies the allegations contained in paragraph 13 of the complaint.

14. Defendant denies the allegations contained in paragraph 14 of the complaint.

15. Defendant denies that plaintiff has proven the existence of a significant gap in service and denies that installing eight antennas on the Building located at 222 Christie Street, Leonia is the least intrusive means to remedy that gap in service.

16. Defendant admits that the building located at 222 Christie Street is utilized by another wireless communications carrier.

17. Defendant neither admits nor denies the allegations contained in paragraph 17 as the opinion of the Court in <u>Sprint Spectrum v Zoning Board of Adjustment of the Town of Leonia</u> speaks for itself.

18. Defendant neither admits nor denies the allegations contained in paragraph 18 and leaves plaintiff to its proofs.

19. Defendant neither admits nor denies the allegations contained in paragraph 19 and leaves plaintiff to its proofs.

20. Defendant neither admits nor denies the allegations contained in paragraph 20 and leaves plaintiff to its proofs.

21. Defendant denies the allegations contained in paragraph 21 of the complaint.

22. Defendant denies the allegations contained in paragraph 22 of the complaint.

### Federal Statutory Control Over Wireless Siting

23. Defendant admits the allegations contained in paragraph 23 of the complaint.

24. Defendant admits the allegations contained in paragraph 24 of the complaint.

### New Jersey Law and the Zoning Ordinance

25. Defendant admits that telecommunications facilities are regulated in sections 102 and section 290-82 through 290-88 of the ordinances of the Borough of Leonia.

26. Defendant neither admits nor denies the allegations contained in paragraph 26 of the complaint as the ordinance speaks for itself.

27. Defendant neither admits nor denies the allegations contained in paragraph 27 of the complaint as the ordinance speaks for itself.

28. Defendant neither admits nor denies the allegations

contained in paragraph 28 of the complaint as the ordinance speaks for itself.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 of the complaint as the ordinance speaks for itself.

30. Defendant admits the allegations contained in paragraph 30 of the complaint.

31. Defendant neither admits nor denies the allegations contained in paragraph 31 of the complaint as the statute speaks for itself.

32. Defendant admits the allegations contained in paragraph 32 of the complaint.

33. Defendant neither admits nor denies the allegations contained in paragraph 33 of the complaint as said allegations contain legal conclusions.

34. Defendant admits the allegations contained in paragraph 34 of the complaint.

35. Defendant admits the allegations contained in paragraph 35 of the complaint.

### T-Mobile's Application and the Hearings

36. Defendant neither admits nor denies the allegations contained in paragraph 36 of the complaint and leaves plaintiff to its proofs.

37. Defendant neither admits nor denies the allegations

contained in paragraph 37 of the complaint and leaves plaintiff to its proofs.

38. Defendant denies the allegations contained in paragraph 38 of the complaint.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

40. Defendant denies the conclusion of the plaintiff that the collocation would result in a minimal visual impact, but admits that eight public hearings were held during the period April 27, 2009 through December 16, 2010.

41. Defendant denies the allegations contained in paragraph 41 of the complaint.

42. Defendant denies the allegations contained in paragraph 42 of the complaint.

43. Defendant denies the allegations contained in paragraph 43 of the complaint.

44. Defendant denies the allegations contained in paragraph 44 of the complaint.

45. Defendant denies the allegations contained in paragraph 45 of the complaint.

46. Defendant denies the allegations contained in paragraph 46 of the complaint.

47. Defendant neither admits nor denies the allegations contained in paragraph 47 of the complaint as the testimony of

the applicant's witness speaks for itself.

48. Defendant neither admits nor denies the allegations contained in paragraph 48 of the complaint as the testimony of the applicant's witness speaks for itself.

49. Defendant neither admits nor denies the allegations contained in paragraph 49 of the complaint as the testimony of the applicant's witness speaks for itself.

50. Defendant denies the allegations contained in paragraph 50 of the complaint.

51. Defendant neither admits nor denies the allegations contained in paragraph 51 of the complaint as the testimony of the applicant's witness speaks for itself.

52. Defendant denies the allegations contained in paragraph 52 of the complaint.

53. Defendant denies the allegations contained in paragraph 53 of the complaint.

54. Defendant denies that it has the burden of producing evidence of alternate property available and technically feasible for the location of personal wireless facilities.

55. Defendant admits that plaintiff's application was denied but denies the remaining allegations contained in paragraph 55 of the complaint.

56. Defendant neither admits nor denies the allegations contained in paragraph 56 of the complaint and leaves plaintiff

to its proofs.

57. Defendant denies the allegations contained in paragraph 57 of the complaint.

58. Defendant denies the allegations contained in paragraph 58 of the complaint.

59. Defendant admits the allegations contained in paragraph 59 of the complaint.

60. Defendant denies the allegations contained in paragraph 60 of the complaint.

**COUNT I**

61. Defendant incorporates by references its responses to paragraphs 1 through 60 as if set forth at length herein.

62. Defendant admits the allegations contained in paragraph 62 of the complaint.

63. Defendant neither admits nor denies the allegations contained in paragraph 63 of the complaint and leaves plaintiff to its proofs.

64. Defendant admits that pursuant to an Order entered by the Superior Court of New Jersey, Bergen County, Sprint has been granted approval to install facilities on the same building at issue.

65. Defendant neither admits nor denies the allegations contained in paragraph 65 of the complaint and leaves plaintiff to its proofs.

66. Defendant neither admits nor denies the allegations contained in paragraph 66 of the complaint and leaves plaintiff to its proofs.

67. Defendant admits that the application of T-Mobile was denied as it failed to meet its burden of proof.

68. Defendant denies the allegations contained in paragraph 68 of the complaint.

69. Defendant denies the allegations contained in paragraph 69 of the complaint.

## COUNT II

70. Defendant incorporates by references its responses to paragraphs 1 through 69 as if set forth at length herein.

71. Defendant denies the allegations contained in paragraph 71 of the complaint.

72. Defendant denies the allegations contained in paragraph 72 of the complaint.

73. Defendant denies the allegations contained in paragraph 73 of the complaint.

74. Defendant denies the allegations contained in paragraph 74 of the complaint.

75. Defendant denies the allegations contained in paragraph 75 of the complaint.

76. Defendant denies the allegations contained in paragraph 76 of the complaint.

77. Defendant denies the allegations contained in paragraph 77 of the complaint.

78. Defendant denies the allegations contained in paragraph 78 of the complaint.

## COUNT III

79. Defendant incorporates by references its responses to paragraphs 1 through 78 as if set forth at length herein.

80. Defendant admits the allegations contained ion paragraph 80 of the complaint.

81. Defendant denies the allegations contained ion paragraph 81 of the complaint.

82. Defendant denies the allegations contained ion paragraph 82 of the complaint.

83. Defendant denies the allegations contained ion paragraph 83 of the complaint.

84. Defendant denies the allegations contained ion paragraph 84 of the complaint.

85. Defendant denies the allegations contained ion paragraph 85 of the complaint.

86. Defendant denies the allegations contained ion paragraph 86 of the complaint.

## COUNT IV

87. Defendant incorporates by references its responses to paragraphs 1 through 86 as if set forth at length herein.

88. Defendant admits the allegations contained in paragraph 88 of the complaint.

89. Defendant denies the allegations contained ion paragraph 89 of the complaint.

90. Defendant denies the allegations contained ion paragraph 90 of the complaint.

91. Defendant denies the allegations contained ion paragraph 91 of the complaint.

**WHEREFORE,** defendant demands judgment dismissing the complaint, awarding reasonable attorney's fees and costs incurred in defending same, and for such other relief as the court shall deem just and proper.

### SEPARATE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE DEFENSE

At all times relevant hereto, defendant has acted in good faith and has not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD SEPARATE DEFENSE

The actions of the defendant Board in the within matter

were not arbitrary, capricious nor unreasonable but were based on the testimony and evidence presented by the plaintiff, or the lack thereof, and by this defendant's consultants at the hearings on the application.

### AS AND FOR A FOURTH SEPARATE DEFENSE

The defendant Board took no action at any time to deprive plaintiff of any federal or state constitutional or statutory right.

### AS AND FOR A FIFITH SEPARATE DEFENSE

The ordinances of the Borough of Leonia relative to the regulation of telecommunications antennae are in compliance with substantive and procedural requirements of law.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred or reduced by its failure to mitigate its alleged damages by using reasonable diligence to identify equal but alternate locations for its telecommunications antennae.

Respectfully submitted,
ALAMPI & DEMARRAIS
One University Plaza
Hackensack, NJ. 07601
201-343-4600

_____
Carmine R. Alampi, Esq.

Dated: June 14, 2011